UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO. 19-cr-297-01-01 |
| -vs- | JUDGE DRELL |
| RAYMOND LEWIS DIXON (01) | MAGISTRATE JUDGE PEREZ-MONTES |

## ORDER

Before the Court is a motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), (Doc. 48), a motion to appoint counsel, (Doc. 50), and a motion to proceed *in forma pauperis*, (Doc. 51) filed by defendant Raymond Lewis Dixon ("Dixon"). For the following reasons, the motion to reduce sentence, (Doc. 48), and the motion to appoint counsel, (Doc. 50), will be **DENIED**, and the motion to proceed *in forma pauperis*, (Doc. 51), will be **GRANTED**.

### I. BACKGROUND

On August 13, 2020, this Court accepted Dixon's plea of guilty to possession with intent to distribute fentanyl in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). On January 11, 2021, this Court sentenced Dixon to serve 110 months imprisonment with credit for time served in the custody of the U.S. Marshal Service, beginning on October 1, 2019. Dixon is currently housed at the Federal Correctional Complex – United Stated Penitentiary I in Coleman, Florida ("Coleman I").

### II. *IN FORMA PAUPERIS*

The Court is satisfied that Dixon meets the requirements to proceed *in forma pauperis*. Accordingly, Dixon's motion seeking the same, (Doc. 51), is **GRANTED**.

1

### III. APPOINTMENT OF COUNSEL

Dixon filed his motion to reduce sentence, (Doc. 48), with a prayer for court appointment of counsel, (Doc. 50), on February 22, 2022. On the same day, the Court entered a Standard Procedural Order in response to the motion to reduce sentence, (Doc. 48), providing:

> The [Office of the Federal Public Defender (FPD)] shall have five (5) days from the date the *pro se* motion is entered into the record to screen such matters and in appropriate cases file a motion to enroll or to request appointment of counsel from the Criminal Justice Act panel in the case of a prohibitive conflict that would prevent FPD representation of a client or other good cause supports appointment of outside counsel.

(Doc. 49). On February 24, 2022, the FPD advised the Court that it would not be enrolling on behalf of Defendant. Appointment of counsel is not required in this instance under the Criminal Justice Act. See U.S. v. Whitebird, 55 F.3d 1007 (5th Cir. 1995). The Court has also reviewed the record and declines to use its discretionary power to appoint counsel in this matter, because the issues are not complicated and Dixon's position is adequately explained in his motion to reduce sentence, (Doc. 48). Therefore, Dixon's prayer for appointment of counsel, (Doc. 50), is **DENIED**.

### IV. MOTION TO REDUCE SENTENCE

We may consider the merits of Dixon's motion pursuant to 18 U.S.C. § 3582(c)(1)(A) because Dixon has exhausted his administrative remedies. (Doc. 48-1), United States v. Franco, 973 F.3d 465, 468 (5th Cir. 2020). Upon consideration of the merits, we are "bound only by § 3582(c)(1)(A)(i) [extraordinary and compelling reasons warrant such a reduction] and, as always, the sentencing factors in § 3553(a)." United States v. Shkambi, 993 F.3d 388, 393 (5th Cir. 2021).

Dixon claims extraordinary and compelling reasons warrant a reduction in his sentence and early release because he claims, without support[1], to have asthma, heart diseases from high cholesterol, high blood pressure, prostate issues, and HIV and that these medical conditions make him vulnerable to severe illness or death should he contract COVID-19 in prison. Citing an attachment missing from the record, the government argues that Dixon is fully vaccinated diminishing his circumstances to something less than extraordinary. Because the government's supporting attachment is missing from the record, we do not consider the argument. Regardless of vaccination status and accepting as true the claimed medical conditions, Dixon does not demonstrate or argue that his conditions, individually or collectively, render him extraordinarily more susceptible to severe illness or death from COVID-19 as compared to the general inmate population having the same or similar conditions. United States v. Thompson, 984 F.3d 431, 434-435 (5th Cir. 2021).

Further, Dixon does not demonstrate or argue that the Bureau of Prisons is failing to prevent the spread of COVID-19 at Coleman I. Presently, Coleman I houses 1,402 inmates with only four (4) confirmed cases of COVID-19 among that inmate population and three (3) among its staff. Compare https://www.bop.gov/coronavirus/, last viewed March 8, 2022, with https://www.bop.gov/locations/institutions/cop/, last view March 8, 2022. These figures suggest adequate management of COVID-19.

Because Dixon fails to demonstrate that his situation is more extraordinary as compared to the general inmate population, his circumstances do not warrant consideration of release.

---

[1] Dixon claims to have been denied access to his medical records. (Doc. 48 p 8, ¶13). Nonetheless, the government does not contest the claimed medical conditions.

Independently, we reach the same conclusion because the number of confirmed cases at Coleman I does not suggest mismanagement.

Even if Dixon was able to demonstrate extraordinary circumstances, release is not appropriate after consideration of the 18 U.S.C. § 3553(a) factors. Dixon has a history of drug related charges, several coinciding with possession of a firearm. (Doc. 42 ¶¶ 34, 38, 41, 42, 43), 18 U.S.C. § 3553(a)(1), (2)(B) & (C). Further, the instant offense was committed while Dixon was under a criminal justice sentence from the Louisiana 9th Judicial District Court, Docket No. 321541, for possession with intent to distribute schedule I, II, and III controlled substances. (Doc. 42 ¶¶ 42, 45), 18 U.S.C. § 3553(a)(1), (2)(B) & (C), (4)(B). Finally, Dixon has served only thirty (30) percent of his sentence. 18 U.S.C. § 3553(a)(6). These factors weigh heavily against release. Accordingly, Dixon's motion for a reduced sentence, (Doc. 48), is **DENIED**.

## V. CONCLUSION

For the reasons discussed above, it is hereby ...

**ORDERED** that Dixon's motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), (Doc. 48), and motion to appoint counsel, (Doc. 50), are **DENIED**. It is also hereby ...

**ORDERED** that Dixon's motion to proceed *in forma pauperis*, (Doc. 51), is **GRANTED.**

**THUS DONE AND SIGNED** at Alexandria Louisiana this 14th day of March 2022

DEE D. DRELL, SENIOR JUDGE
UNITED STATES DISTRICT COURT